UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANNY L. SAINTIGNON, Jr., | ) |
| Petitioner, | ) |
| vs. | ) No. 2:17-cv-00312-WTL-MJD |
| RICHARD BROWN, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Danny Saintignon for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVD 17-04-0130. For the reasons explained in this Entry, Saintignon's habeas petition must be **denied**.

A.  Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On April 20, 2017, Correctional Officer D. Orman issued a Report of Conduct charging Saintignon with use of a controlled substance in violation of Code B-202. The Report of Conduct states:

> The following conduct report has been issued to offender Saintignon, Danny #915828[1] for use of any unauthorized controlled substance as defined in the Adult Disciplinary Procedure. Per IDOC/WWCF drug screen program, offender Saintignon did submit a sample of his own urine for a full drug screen on 4-13-17 at approximately 1:17 a.m. The chain of custody was followed and a sealed specimen was sent to Redwood Laboratories for a full drug screen. A confirming test was performed. Laboratory results were sent by fax on 4-18-17 at 8:55 a.m. I became aware of the test results on 4-20-17 at approximately 7:30 a.m. Laboratory results did clearly indicate the presence of (M-AMP) Methamphetamine in the urine of offender Saintinon [sic].

Saintignon was notified of the charge on April 20, 2017, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. The Screening Officer noted that Saintignon did not request any witnesses or evidence.

The Hearing Officer conducted a disciplinary hearing on April 25, 2017. The Hearing Officer noted that Saintignon stated, "I think my due process rights were violated because the Redwood Toxicology Lab form for custody & control is not signed as received by laboratory. Breaks the chain of custody." The Hearing Officer determined that Saintignon violated Code B-202, finding "DHO believes conduct report to be true and accurate. Considers lab results, no substantiated evidence to support broken chain of custody. Finds offender guilty." The sanctions imposed included a written reprimand, a loss of phone privileges, restitution, the deprivation of 90 days of earned credit time, and the demotion of one credit class.

Saintignon filed an appeal to the Facility Head. The appeal was denied on May 10, 2017. Saintignon then appealed to the Final Review Authority, who also denied the appeal on May 31, 2017.

C. **Analysis**

Saintignon challenges the disciplinary action against him arguing that he was not provided with a lay advocate, that the chain of custody for the urine test was not intact, and that DOC policy was violated.

1. *Lay Advocate*

Saintignon asserts that he requested lay advocate representation, but he was not provided with a lay advocate. The respondent argues that Saintignon has procedurally defaulted this claim because he did not raise it in his administrative appeals and the time for doing so has passed. In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Because Saintignon did not raise his claim that he was denied a lay advocate in his administrative appeals, he cannot raise it now. Moreover, "due process d[oes] not require that the prisoner be appointed a lay advocate, unless 'an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (quoting *Wolff*, 418 U.S. at 570); *see Wilson-El v. Finnan*, 263 Fed. Appx. 503, 506 (7th Cir. 2008).

2. *Chain of Custody*

Saintignon next argues that the chain of custody of the urine sample was not in tact because the custody and control from was not signed received by the laboratory and there was no indication that the seal was intact and the labels matched. The Seventh Circuit recently observed

that "[a]dministrative decisions resting on chemical analysis typically require both the test results and a chain of custody linking those results to the particular prisoner." *Ellison v. Zatecky*, 820 F.3d 271, 275 (7th Cir. 2016); *see Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (concluding that the "toxicology report *and the chain of custody* slip constitute 'some evidence' supporting the decision") (emphasis added).

Here, the Urine Drug Testing Custody & Control Form, identified the specimen as number 500-01-35943. Saintignon signed a certification stating that the specimen was sealed in his presence and that the information on the label was correct. The laboratory did not sign the adjacent line indicating that the specimen was received, but on the results report from Redwood Toxicology Laboratory, the identification number matches the Specimen ID previously assigned to Saintignon's sample. Further, the Report states that the testing was performed in "accordance to all Redwood Toxicology Laboratory standard operating procedures."

While the Laboratory did not sign the chain of custody form or confirm that the sample was sealed when it was received, it did confirm that the sample tested was the same one that was sent to it for Saintignon. In addition, the results form states that "testing has been performed in accordance to all Redwood Toxicology Laboratory standard operating procedures . . . ." This is enough to establish a chain of custody linking the results of the analysis to Saintignon.

### 3. *Policy*

Finally, Saintignon asserts that he was charged restitution in violation of DOC policy. But a violation of policy does not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have

no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). In addition, a petition for a writ of habeas corpus may be used to challenge the fact or duration of custody. Habeas cannot be used to obtain monetary relief. *Cf. Nelson v. Campbell,* 541 U.S. 637, 646 (2004) ("[D]amages are not an available habeas remedy."); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) ("[H]abeas corpus is not an appropriate or available remedy for damages claims."). Saintignon therefore cannot obtain relief in this case based on his challenge to the restitution order.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Saintignon to the relief he seeks. Accordingly, Saintignon's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/2/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DANNY L. SAINTIGNON, Jr.
978030
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels

Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov